**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ROGER LEE FREEMAN,

    Petitioner,

v.

WARDEN J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-13

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roger Lee Freeman ("Freeman" or "Petitioner"), an inmate at the Federal Correctional Institute in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 7). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Freeman's Section 2241 Petition, **CLOSE** this case, and **DENY** Freeman *in forma pauperis* status on appeal.

## BACKGROUND

On January 3, 2007, Freeman pleaded guilty before this Court to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Change of Plea, United States v. Freeman, 4:06-cr-336 (S.D. Ga. Jan. 3, 2007), ECF No. 21. Freeman qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)[1], because

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, the maximum term of imprisonment for a violation of Section 922(g) is ten years in prison. See Bryant v. Warden, FCC

he had been previously convicted of sale of cocaine and twice convicted for possession of cocaine with the intent to distribute. District Judge B. Avant Edenfield sentenced Freeman to 180 months in prison, the mandatory minimum sentence required by the statute. J., United States v. Freeman, 4:06-cr-336 (S.D. Ga. March 14, 2007), ECF No. 24.

Freeman did not file an appeal of his conviction or sentence. However, in 2009, he filed a motion to reduce his sentence due to the Eleventh Circuit Court of Appeals' decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). Mot., United States v. Freeman, 4:06-cr-336 (S.D. Ga. June 18, 2009), ECF No. 27. Freeman ultimately withdrew that Motion voluntarily. Mot., United States v. Freeman, 4:06-cr-336 (S.D. Ga. Aug. 13, 2009), ECF No. 30. In 2013, Freeman filed a Motion claiming that he no longer qualified as an armed career criminal based on the United States Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). Mot., United States v. Freeman, 4:06-cr-336 (S.D. Ga. July 24, 2013), ECF No. 32. This Court denied that motion for lack of jurisdiction. Order, United States v. Freeman, 4:06-cr-336 (S.D. Ga. Oct. 21, 2013), ECF No. 34. The Court recognized that the motion sounded in 28 U.S.C. § 2255, but it refused to re-characterize the motion as such, instead informing Freeman that "if [he] wishes to trod that path, he must affirmatively choose to do so." Id. In July of 2015, Freeman filed yet another effort to attack his sentence, this time characterized as a 28 U.S.C. § 2241 petition. Pet., Freeman v. Flournoy, 2:15-cv-109 (S.D. Ga. July 31, 2013), ECF No. 1. Once again, the effort was dismissed without prejudice as Freeman filed a motion for voluntary dismissal which the Court granted. Order, Freeman v. Flournoy, 2:15-cv-109 (S.D. Ga. Oct. 13, 2015), ECF No. 10.

---

Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

On September 2, 2015, Freeman filed a Motion pursuant to 28 U.S.C. § 2255. Mot., United States v. Freeman, 4:06-cr-336 (S.D. Ga. Sept. 2, 2015), ECF No. 35. Therein, Freeman claimed that he no longer qualified as an armed career criminal after the Supreme Court's opinion in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Supreme Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. Magistrate Judge G.R. Smith recommended that the Court reject Freeman's Johnson arguments and dismiss Freeman's Section 2255 Motion. R. & R., United States v. Freeman, 4:06-cr-336 (S.D. Ga. Dec. 16, 2015), ECF No. 43. Judge Smith concluded, among other things, that Johnson's holding regarding the residual clause and its definition of violent felony had no bearing whatsoever on Freeman's ACCA classification, which was based on his convictions for "serious drug offenses." Id. Additionally, Judge Smith concluded that Freeman could not meet the statute of limitations of 28 U.S.C. § 2255(f). District Judge William T. Moore, Jr., concurred with Judge Smith's conclusions, adopted the Report and Recommendation, and dismissed Freeman's Section 2255 Motion. Order, United States v. Freeman, 4:06-cr-336 (S.D. Ga. Jan. 8, 2016), ECF No. 45.

On January 26, 2016, Freeman filed the instant 28 U.S.C. § 2241 Petition, once again arguing that he no longer qualifies as an armed career criminal pursuant to the Supreme Court's decision in Johnson. (Doc. 1.) Respondent has moved to dismiss Freeman's Petition, (doc. 7), and Freeman has filed a Response, (doc. 9).

**DISCUSSION**

In his current Petition, Freeman contends his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") in light of the United States Supreme Court's decision in Johnson. (Doc. 1.) Specifically, Freeman asserts that the sentencing court found him to be an armed career criminal under the ACCA's residual clause, which was struck down by the United States Supreme Court's decision in Johnson. (Doc. 1, p. 3.) Freeman contends that his sentence is "illegal" and that he "must be resentenced." Id.

In his Motion to Dismiss, Respondent argues Freeman is not entitled to use of Section 2255's savings clause. (Doc. 9, pp. 3–6.) Respondent states Johnson cannot form the basis for savings clause relief, as the rule announced in that case is a new constitutional rule[2], and neither the Supreme Court nor the Eleventh Circuit has ever held that a Section 2255 motion is an "inadequate or ineffective" vehicle by which to raise such a claim. Id. Moreover, Respondent states that Section 2255 is clearly not "inadequate or ineffective" as to Petitioner because he actually litigated his Johnson claim through Section 2255. (Doc. 7, p. 5.) In addition, Respondent argues that, even if Freeman could pursue his Johnson claims under Section 2241, those claims would once again fail on the merits. Id.

In response, Freeman argues that the prior dismissals of his Section 2255 motions were all without prejudice. Therefore, he claims, he does not need to show that Section 2255 is "inadequate or ineffective" before pursuing a Section 2241 Petition. (Doc. 9.) Additionally, Freeman argues that he was sentenced under the ACCA's residual clause and that the Supreme

---

[2] While the United States Supreme Court has now decided Johnson announced a substantive rule that applies retroactively to cases on collateral review, Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), Respondent's requested relief of dismissal of Freeman's Section 2241 is no less appropriate.

4

Court's decision striking down that clause has been made retroactive to cases on collateral review. Id.

## I. Whether Freeman can Proceed Pursuant to Section 2241

The question of whether Freeman can proceed pursuant to Section 2241 raises a jurisdictional issue. Thus, the Court will address this question before any inquiry into the Petition's merits (or lack thereof).

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). However, a petitioner, such as Freeman, who has already brought a petition under Section 2255, must obtain certification from the Court of Appeals before bringing a second or successive Section 2255 petition. 28 U.S.C. § 2255(h).

Rather than seeking permission to file a second Section 2255 motion from the Eleventh Circuit Court of Appeals, Freeman filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a Section 2241 petition may be filed, Freeman originally

asserted that he properly filed this motion under Section 2241. (Doc. 1.) Specifically, Freeman argues that, due to the Supreme Court's decision in Johnson, his prior convictions no longer qualify as predicate convictions under the ACCA. Id.

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden,

6

FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338. Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Freeman claims that he does not have to meet the savings clause because his Section 2255 Motions were dismissed without prejudice. This argument is wholly without merit. Whether Petitioner's Section 2255 Motions were dismissed without prejudice has no bearing on whether Freeman can utilize Section 2241 to assert his Johnson claims. Moreover, Freeman's 2015 Section 2255 Motion was not dismissed without prejudice. Rather, the Court addressed the merits of Freeman's Johnson claims and dismissed his Motion with prejudice. R. & R. and Order, United States v. Freeman, 4:06-cr-336 (S.D. Ga. Dec. 16, 2015 & Jan. 8, 2016), ECF Nos. 43, 45.

Moreover, Freeman's Johnson claims do not satisfy the Bryant factors because he cannot show that the savings clause reaches those claims. Specifically, the remedy afforded by Section 2255 is not inadequate or ineffective to raise these claims. Freeman had a remedy available to him to raise his Johnson claims through his Section 2255 Motion, which he did. The

fact that the Motion was unsuccessful does not render Section 2255 "inadequate or ineffective." Additionally, even if Freeman wanted to file another Section 2255 motion, he has a remedy available to him under 28 U.S.C. § 2255(h) to obtain permission from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 petition.[3] On this front, the Court notes that the Supreme Court recently decided in Welch v. United States, ___ U.S. ___ 2016 WL 1551144 (Apr. 18, 2016), that Johnson applies retroactively to cases on collateral review. The Supreme Court's decision in Welch fortifies the remedy available under Section 2255(h). Welch changes the Court of Appeals' Section 2255(h) analysis and no longer makes Section 2255(h) automatically unavailable to petitioners such as Freeman. See In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("Under section 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal citations and alterations omitted)).

Furthermore, the savings clause only applies where a petitioner is categorically prevented from ever proceeding with a successive § 2255(h) motion, such as when a second or successive claim is based on a new rule of statutory construction rather than on new evidence or a new rule of constitutional law. See, e.g., Bryant, 738 F.3d at 1377–78 (discussing retroactivity requirements in context of deciding whether Section 2255 is inadequate or ineffective); see also

---

[3] 28 U.S.C. § 2255(h) provides,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (explaining a new claim cannot be raised under Section 2241 unless it is based on "a change that eludes permission in section 2255 for successive motions"). In this case, Freeman had available to him an actual remedy under Section 2255, specifically, the right to raise his Johnson claims through his Section 2255 motion. He availed himself of that remedy and ultimately lost on the merits of his claims.

Additionally, to the extent that Freeman seeks permission to file a second or successive Section 2255 motion, he may do so through a Section 2255(h) application to the Eleventh Circuit.[4] Regardless of the merits of Freeman's Johnson arguments, Section 2255(h) clearly provides him a procedural avenue to assert those arguments. As such, he need not, and, thus, cannot, rely upon Section 2255(e). See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s savings clause does not apply.").

Lastly, a Section 2255 motion is not "inadequate or ineffective" under the savings clause merely because Freeman is unable to comply with procedural restrictions. Jones v. Warden, FCC Coleman Medium, 520 F. App'x 942, 945 (11th Cir. 2013) (noting the mere fact that a Section 2255 motion is procedurally barred does not make that Section's remedy inadequate or ineffective); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating a petitioner

---

[4] Other courts have noted that, while Johnson and Welch may provide relief under Section 2255(h), they do not provide grounds for filing a Section 2241 Petition under Section 2255(e). See King v. Werlich, No. 16-CV-300-DRH-CJP, 2016 WL 1583936, at *3 (S.D. Ill. Apr. 20, 2016) ("Courts have decided that habeas corpus relief under 28 U.S.C.A. § 2241 is not the appropriate method of collateral attack under Johnson."). Magistrate Judge Brian K. Epps of this District recently concluded that a petitioner cannot bring a Johnson claim via Section 2241 due to the availability of relief under Section 2255(h). R. & R., Richard v. Stone, 3:16-cv-1 (S.D. Ga. Apr. 25, 2016), ECF No. 15 ("Regardless of whether the [circuit court] actually grants permission for Petitioner to file a second or successive § 2255 motion, there is an available avenue to pursue a Johnson claim, and he therefore cannot pursue relief in this Court under § 2241.").

"has the burden of demonstrating Section 2255's relief" is 'unavailable or ineffective[ ]', and to do so, there must be more than a procedural barrier to bringing a Section 2255 motion. . . . This court has held a § 2255 motion is not 'inadequate or ineffective' merely because '§ 2255 relief has already been denied[ ]'") (internal citations omitted)). Thus, the fact that Freeman's Section 2255 Motion was barred by the statute of limitations does not satisfy Section 2255(e)'s savings clause. Jones, 520 F. App'x at 945. Moreover, the successiveness bar in § 2255(h) does not itself render a § 2255 motion inadequate or ineffective. Gilbert, 640 F.3d at 1308. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015). Freeman brought both a direct appeal with the Eleventh Circuit and unsuccessfully brought a Section 2255 motion in the district of his conviction.

For all of these reasons, Freeman has not satisfied the requirements of Section 2255(e)'s savings clause. Consequently, he cannot "open the portal" to argue the merits of his Section 2241claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).[5] Thus, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Freeman's Section 2241 Petition.

---

[5] Because Freeman cannot satisfy the savings clause of Section 2255(e), the Court need not discuss whether Freeman qualifies as an armed career criminal under the ACCA absent the residual clause. However, Freeman's arguments on this point are beyond frivolous. As the Court pointed out in rejecting Freeman's Section 2255 Motion and the Respondent points out in its Motion to Dismiss, Freeman's classification as an armed career criminal is supported by his prior convictions for "serious drug offenses." The Supreme Court explicitly explained in Johnson that its decision did not affect the definition of "serious drug offenses" under the ACCA. ___ U.S. at ___, 135 S. Ct. 2551, 2563. Consequently, despite his many filings, Freeman has not, and cannot, explain how the Supreme Court's invalidation of the residual clause has any effect on his sentence whatsoever. Freeman abuses the writ of habeas corpus by continuing to raise his baseless Johnson claims.

**II.     Leave to Appeal *In Forma Pauperis***

The Court should also deny Freeman leave to appeal *in forma pauperis*. Though Freeman has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Freeman's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Freeman's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **CLOSE** this case, and **DENY** Freeman leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Freeman and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA