# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ROGER LEE FREEMAN, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:16-cv-13 |
| | * | |
| v. | * | |
| | * | |
| J. V. FLOURNEY, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Petitioner Roger Lee Freeman's ("Freeman") Motion for Reconsideration of the undersigned's Order dated July 7, 2016. (Dkt. No. 13.) For the reasons set forth below, the Court **DENIES** Freeman's Motion for Reconsideration.

## BACKGROUND

In its July 7, 2016, Order, the Court adopted the Report and Recommendation of the Magistrate Judge, over Freeman's Objections, and dismissed Freeman's Petition for Writ of Habeas Corpus brought pursuant to 42 U.S.C. § 2241. (Dkt. No. 12.) The Court rejected Freeman's arguments that he was "actual [sic] innocence and is not second and successive [sic] Petition. As well as not time barred." (Dkt. No. 11, pp. 1-2.)

In his instant Motion, Freeman simply reiterates his Objections to the Magistrate Judge's Report and Recommendation.

**DISCUSSION**

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Freeman's Motion for Reconsideration. Here, Freeman does not present any newly discovered evidence or manifest errors of law or fact. Freeman simply reasserts the arguments from his Objections to the Report

and Recommendation, (dkt. no. 11). The Court already discussed at length the law supporting its holding that Freeman cannot bring a Section 2241 claim because he has not satisfied the requirements of Section 2255(e)'s savings clause. (Dkt. No. 10, pp. 5-10.) The Court sees no error in that analysis, much less clear error warranting reconsideration.

**CONCLUSION**

For all of the above stated reasons as well as those included in the Court's prior Orders, the Court **DENIES** Freeman's Motion for Reconsideration, (dkt. no. 13). The Court's Order dated July 7, 2016, (dkt. no. 12), remains the Order of the Court, and this case shall remain **CLOSED**.

**SO ORDERED**, this 14 day of December, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA